```
                UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF KENTUCKY
```
**CENTRAL DIVISION at LEXINGTON**

| | |
|---|---|
| TIMOTHY LOGAN POYNTER, ) | |
| ) | |
| Plaintiff, ) | Civil No. **5:21-208-JMH** |
| ) | |
| v. ) | |
| ) | |
| ROB WILSON, ET AL., ) | **MEMORANDUM** |
| ) | **OPINION AND ORDER** |
| Defendants. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Timothy Logan Poynter was previously held at the Lincoln County Regional Jail in Stanford, Kentucky, but he is now incarcerated at the Roederer Correctional Complex in LaGrange, Kentucky. Proceeding without a lawyer, Poynter filed a civil rights complaint with this Court. [DEs 1, 9]. Poynter alleges, among other things, that the staff at the Lincoln County Regional Jail failed to protect him from an assault by a fellow inmate and interfered with or displayed a deliberate indifference to the medical care that he subsequently received. [*See id.*].

The Court conducted an initial screening of Poynter's complaint pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2) and allowed him to proceed on his claims against the five named Defendants. [DE 10]. Thus, the Court directed the Clerk's Office and the United States Marshals Service to serve each Defendant with a summons and copy of the complaint on Poynter's behalf. [*Id.*].

While three of the Defendants answered Poynter's complaint [DEs 17 and 18], two Defendants, Jailer Rob Wilson and Deputy Jailer Robin Jones, moved to dismiss Poynter's claims against them. [DE 19]. Jailer Wilson and Deputy Jailer Jones argue that Poynter named them "as defendants based on their supervisory authority" and did "not allege that they participated in the alleged violations of his constitutional rights as required to impose individual liability." [DE 19-1 at 1]. Thus, Jailer Wilson and Deputy Jailer Jones argue that the Court should dismiss Poynter's claims against them for failure to state a claim upon which relief may be granted. [*See id.*]. Poynter has now filed a response in opposition to the motion to dismiss [DE 23], and Jailer Wilson and Deputy Jailer Jones recently filed a reply brief [DE 24]. Thus, the motion is now ripe for a decision.

Having fully reviewed the parties' submissions, the Court will deny the Defendants' dispositive motion at this early stage in the litigation. At bottom, in order to state a failure-to-protect civil rights claim, an inmate must allege that a prison official was aware of a substantial risk that the plaintiff would suffer serious harm and knowingly disregarded that risk. *See Johnson v. Slone*, No. 7:16-cv-274-KKC, 2018 WL 1402376, at *3 (E.D. Ky. 2018). Here, Poynter's allegations, broadly construed, could state such a claim against Jailer Wilson and Deputy Jailer Jones.

While Poynter's allegations are vague and confusing at times, he does allege that he had a confrontation in his cell with another inmate and that an unspecified prison deputy "was told to remove inmate Cates or an assault was going to happen." [DE at 1 at 4]. Poynter then alleges that the inmate was nevertheless able to subsequently enter his cell while he was asleep and "brutally assault[ ]" him, breaking his jaw and permanently damaging the hearing in his left ear and the retina in his left eye. [*Id.*]. Notably, Poynter also alleges that "Rob Wilson and Robin Jones had knowledge of the *incidents* herein," and, thus, he suggests they should be liable for failing to prevent "the toxic atmosphere that existed in the jail and the assault committed against" him. [*Id.* (emphasis added)]. To be sure, Poynter does not allege precisely what each named Defendant knew and when exactly they knew it. Still, Poynter's allegations, broadly construed, suggest that Jailer Wilson and Deputy Jailer Jones may have been aware of the initial confrontation between Poynter and the other inmate, as well as the risk of an assault, but still knowingly disregarded that risk. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (explaining that *pro se* submissions ought to be construed liberally and that a *pro se* complaint is held to less stringent standards than formal pleadings drafted by attorneys). Thus, at this early stage in the litigation, the Court will deny the Defendants' dispositive motion and, instead, will direct the parties to proceed

3

to discovery—a process which may clarify whether the Defendants were actually aware of a substantial risk that the plaintiff would suffer serious harm and knowingly disregarded that risk or whether that is not in fact the case.

Ordinarily, at this point in a civil case, the parties would exchange initial disclosures and confer on a proposed discovery plan. However, an action brought by a *pro se* prisoner is exempt from these requirements. Fed. R. Civ. P. 16(b), 26(a)(1)(B)(iv), 26(f)(1); LR 16.1(c). Thus, the Court will refer this matter to a United States Magistrate Judge to oversee discovery and all matters of pretrial management, including preparing proposed findings of fact and recommendations on any future dispositive motions.

Accordingly, it is **ORDERED** that:

1. The Defendants' motion to dismiss [DE 19] is **DENIED** at this time.
2. Pursuant to 28 U.S.C. § 636(b), this matter is referred to a United States Magistrate Judge to conduct all further pretrial proceedings, including overseeing discovery and preparing proposed findings of fact and recommendations on any future dispositive motions.
3. The Clerk's Office is directed to assign this matter to a United States Magistrate Judge pursuant to standing orders of this Court.

This the 21st day of December, 2021.

4



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge